| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| KEATON SANDERS WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:09-CV-705 |
| § | |
| ALLIED WASTE SERVICE § | |
| and NORA HODGES, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Keaton Sanders Williams seeks to impose liability on his former employer under Title VII of the Civil Rights Act of 1964.

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to General Order 05-07. The court has received and considered the report of the United States magistrate judge, who recommends that the court grant defendants' motion for summary judgment because plaintiff fails to establish a *prima facie* case of actionable discrimination or retaliation. Applying an appropriate version of a *McDonnell Douglas* analysis to the averments in plaintiff's complaint and deposition testimony, the magistrate judge concluded that plaintiff does not attribute alleged harassment, disparate treatment and retaliation to a protected trait (race, religion, color, sex, national origin), but rather to an unguarded and eccentric characteristic: plaintiff's self-described "rejection" of his employer's written "Code of Business Conduct and Ethics" which specifies general standards of business conduct that all employees are expected to follow. Additionally, the magistrate judge concluded that defendant Nora Hodges, a supervisor, should be dismissed because individual employees are not proper defendants in Title VII actions.

Plaintiff filed a timely objection to the magistrate judge's recommended disposition. Such objection requires that a district judge of the court make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

Plaintiff does not challenge the magistrate judge's legal analysis or his factual findings based on the record before him. Rather, plaintiff's objection is based wholly on several new factual allegations which essentially assert that defendants' counsel, at plaintiff's deposition, "used a legal procedure [] to provide to the Plaintiff that he must surrender his right for Trial by Jury for employment and to verbally accept the offer of Code of Business Conduct and Ethics once more." Pl.'s Resp. to Report and Recommendation, July 9, 2010 (underlining in original).

A review of plaintiff's deposition discloses no such conduct on the part of defense counsel. And, in any event, the magistrate judge's analysis was not based on any form of waiver occurring at plaintiff's deposition. Further, the magistrate judge correctly determined that plaintiff's written averments and oral testimony fail to allege or prove a *prima facie* case of actionable discrimination or retaliation of the type that Title VII seeks to remedy. Plaintiff's objection is, therefore, **OVERRULED**, and the report of the magistrate judge is **ADOPTED**.

It is further **ORDERED:**

1. Defendants' "Motion for Summary Judgment" (Docket No. 32) is **GRANTED**.

2. The purpose of the referral having been served, the reference to the magistrate judge is **VACATED**.

3. All other pending motions are **DENIED** as moot.

Final Judgment will be entered separately.

SIGNED at Beaumont, Texas, this 16th day of August, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE